IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS DREW, | : | CIVIL ACTION |
| | : | NO. 15-2725 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                April 10, 2017

Petitioner Thomas Drew ("Petitioner"), who is currently on parole, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking habeas relief on multiple grounds. Magistrate Judge Marilyn Heffley recommended that the Court dismiss the petition, and Petitioner objected. For the reasons set forth below, the Court will adopt Judge Heffley's Report and Recommendation, overrule Petitioner's objections, and deny the petition.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On November 8, 2005, Petitioner was arrested by Philadelphia police during an investigation into suspected drug sales. Report & Recommendation ("R&R") at 1, ECF No. 21. Petitioner was later charged with, inter alia, possession of a controlled substance with intent to deliver and criminal use of

a communication facility. Id. Petitioner filed a pre-trial motion to dismiss under the state's "prompt trial" rule, Pennsylvania Rule of Criminal Procedure 600 ("Rule 600"),[1] but, following a hearing, the state trial court denied this motion. Id. at 1-2. Petitioner additionally filed a motion to suppress certain physical evidence, but that motion was also denied. Id. at 2.

On October 11, 2007, a jury convicted Petitioner of possession with intent to deliver a controlled substance and criminal use of a communication facility. Id. On November 21, 2007, Petitioner was sentenced to an aggregate seven and a half to fifteen years in prison. Id. Petitioner timely filed a direct appeal with the Pennsylvania Superior Court, which affirmed his conviction. Id. The Superior Court summarized the facts underlying Petitioner's conviction as follows:

> On November 8, 2005, using a confidential informant (CI), police conducted a controlled buy of heroin at [Petitioner's] property at 743 N. 63rd St. in Philadelphia. Immediately after the controlled buy, [Petitioner] was arrested outside his residence while in possession of the pre-recorded [buy] money. Using [Petitioner's] keys to the property, the police then executed an anticipatory search warrant on the premises. The warrant indicated that the place to be searched was the second floor of the premises. Police did not find contraband on the second floor. They did, however, unlock a door on the second floor using

---

[1] This rule generally requires that the Commonwealth bring a defendant to trial within 365 days of the filing of the criminal complaint. See Pa. R. Crim. P. 600(A)(2)(a).

> [Petitioner's] keys. That door opened onto a stairway leading to a third-floor kitchen. Police recovered a large quantity of heroin from a bucket in this kitchen.

Id. (quoting Commonwealth v. Drew, No. 1300 EDA 2013, slip op. at 1 (Pa. Super. Ct. Oct. 6, 2014)). On February 12, 2010, Petitioner's petition to the Pennsylvania Supreme Court for allowance of appeal was denied. Id.

On May 17, 2010, Petitioner sought collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9551, by filing a pro se motion alleging ineffective assistance of counsel. Id. Petitioner was appointed two successive lawyers, each of whom withdrew. Id. Before later withdrawing from the case for medical reasons, Petitioner's third court-appointed attorney filed a "Supplemental Consolidated Amended Petition and Memorandum of Law" on July 27, 2012. Id. at 2-3. Finally, Petitioner moved to proceed pro se, and, following a Grazier[2] hearing on January 10, 2013, his request to proceed pro se was granted. Id. at 3. Petitioner then adopted the petition drafted by his prior counsel, but that petition was dismissed by the PCRA court on April 12, 2013. Id.

---

[2] See Commonwealth v. Grazier, 713 A.2d 81, 82 (Pa. 1998) (requiring a determination on the record regarding the voluntariness of waiver of counsel before denying a defendant's request to conduct a pro se appeal of the denial of post-conviction relief).

Petitioner timely appealed the dismissal of his PCRA petition and was appointed counsel. Id. On October 21, 2013, the Superior Court granted a petition filed by Petitioner seeking remand to the trial court to develop the record on the basis that a transcript was missing from a hearing on Petitioner's pre-trial Rule 600 motion. Id. Four evidentiary hearings were held to reconstruct the record of this hearing. Id. After consulting with counsel, the trial court determined that Petitioner's presence was not required during these hearings. Id. Instead, Petitioner's trial counsel offered testimony, and his PCRA counsel presented the court with a statement of evidence pursuant to Pennsylvania Rule of Appellate Procedure 1923.³ Id. The Pennsylvania Superior Court ultimately affirmed denial of post-conviction relief on October 6, 2014. Id. The Pennsylvania Supreme Court denied Petitioner's petition for

---

³     This rule provides in full as follows:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, <u>the appellant may prepare a statement of the evidence or proceedings from the best available means</u>, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

Pa. R. App. P. 1923 (emphasis added).

4

allowance of appeal on April 13, 2015. Id. (citing Commonwealth v. Drew, No. 517 EAL 2014 (Pa. Apr. 13, 2015)).

On May 15, 2015, Petitioner filed the instant pro se petition for a writ of habeas corpus. Pet., ECF No. 1. He stakes his claim for habeas relief primarily on the following four grounds: (1) the PCRA court improperly denied him an evidentiary hearing and the trial court erroneously denied his Rule 600 motion, Pet. at 5; (2) the trial court erroneously denied him the right to appeal nunc pro tunc, id. at 7; (3) he was erroneously excluded from the hearings to reconstruct the missing transcript of his pre-trial Rule 600 motion hearing, id. at 9; and (4) the trial court erroneously denied his motion to suppress and denied him his right to examine the confidential informant, id. at 10-11, 17.

**II. LEGAL STANDARD**

A court may refer an application for a writ of habeas corpus to a United States magistrate judge for a report and recommendation. See Rules Governing § 2254 Cases, R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. R.

5

72.1(IV)(b). The court then "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

On habeas review, a federal court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). In conducting this review, the federal court should bear in mind that "[a] habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously." Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010); see also U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.").

Ultimately, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A court is not required to review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo

unless the objection is 'not timely or not specific.'" (emphasis added) (quoting Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984)).

**III. DISCUSSION**

    A.   <u>Claims Sounding in State Law</u>

Judge Heffley recommends that this Court find that the following of Petitioner's claims are not cognizable on habeas review: (1) Petitioner's claim that the PCRA court improperly refused to hold an evidentiary hearing, see R&R at 7-8; (2) Petitioner's claim that the trial court erroneously denied his Rule 600 motion, see id. at 8-11; (3) Petitioner's claim that the trial court erroneously denied him the opportunity to appeal nunc pro tunc, see id. at 11-14; and (4) Petitioner's Fourth Amendment claim, see id. at 19-22.

The Court agrees with Judge Heffley's analyses and fully adopts her recommendations concerning these claims. Petitioner's claim that the PCRA court erred in declining to hold an evidentiary hearing on counsel's failure to raise a speedy trial claim on direct appeal is a claim alleging state law error, which is not cognizable on habeas review. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court <u>only on the ground that he is in custody in violation of the Constitution or</u>

laws or treaties of the United States." (emphasis added));
Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The same is true for Petitioner's claim that the trial court erred in denying his Rule 600 motion, and also for his claim that the trial court erred by not granting his request to appeal nunc pro tunc. Finally, the Court agrees that Petitioner's Fourth Amendment claim is not cognizable on habeas review because he "unquestionably had a full and fair opportunity to litigate his Fourth Amendment claim--via both pre-trial motion and direct appeal," R&R at 21, and, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial," Stone v. Powell, 428 U.S. 465, 494 (1976).

Petitioner grounds his objections in an argument that these claims are cognizable on habeas review because each invokes principles of federal constitutional law. He argues that his claim regarding the denial of an evidentiary hearing on counsel's failure to raise a speedy trial claim on direct appeal "is clearly a state claim that is a codification of federal constitutional-law," and similarly that the denial of his Rule

8

600 motion "logically mounts to a violation of [the] federal counterpart" to Rule 600 (i.e., the Sixth Amendment). Pet'r's Objs. 3-4, ECF No. 24. He contends generally that his claim regarding the denial of his request to appeal nunc pro tunc is cognizable on habeas review because this denial constitutes a violation of the Fourteenth Amendment.

The Court finds no merit in Petitioner's objections. As Judge Heffley correctly observed, a federal court considering a habeas petition "can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee." Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991). Furthermore, the Third Circuit has held specifically that Pennsylvania's prompt trial rule "does not define the contours of the federal constitutional right to a speedy trial." Id. at 256. The Court therefore concludes that, despite Petitioner's efforts to couch his claims in terms of constitutional law, they are nevertheless state-law error claims that are not cognizable on habeas review.[4]

---

[4] Insofar as Petitioner objects that his Rule 600 claim is based directly on his Sixth Amendment right to a speedy trial, see Pet.'s Objs. at 4, the Court agrees with Judge Heffley that any Sixth Amendment claim has been procedurally defaulted. See infra Section III.B.

9

B. <u>Procedurally Defaulted Claims</u>

Judge Heffley recommends that this Court find that the following of Petitioner's claims have been procedurally defaulted: (1) any Sixth Amendment speedy trial claim, <u>see</u> R&R at 10-11; and (2) Petitioner's claim that the trial court erroneously denied him the right to confront the confidential informant, <u>see id.</u> at 22-24. The Court again agrees with Judge Heffley's analyses of these claims and will adopt her recommendations in full.

"It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus filed by a person incarcerated from a judgment of a state court unless the petitioner has first exhausted the remedies available in the state courts." <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>as amended</u> (Jan. 16, 1998) (citing 28 U.S.C. § 2254(b)(1)(A); <u>Toulson v. Beyer</u>, 987 F.2d 984, 986-87 (3d Cir. 1993)). The procedural default barrier also precludes federal courts from reviewing a state petitioner's habeas claims if the state court decision is based on a violation of state procedural law that is independent of the federal question and adequate to support the judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). Furthermore, "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion

10

requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." Id. at 735 n.1.

To overcome procedural default, a prisoner must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that "failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750.

For his part, Petitioner does not object to Judge Heffley's finding that his failure to raise a Sixth Amendment claim on direct appeal or PCRA review constitutes a failure to fairly present this claim to the state court and thus a procedural default for purposes of habeas review. He does, however, object generally to Judge Heffley's finding that he procedurally defaulted his claim that he was erroneously denied his right to confront the confidential informant. See Pet.'s Objs. at 8-9. Petitioner argues in his objections that his Sixth Amendment confrontation right "is so important [that] the Superior Court had the judicial responsibility to remand [P]etitioner's claim back to the trial court for the purposes of an evidentiary hearing." Id. at 9.

The Court finds that Petitioner's generalized objection has no merit. Petitioner does not address, either

11

directly or indirectly, the Superior Court's dismissal of this claim on the basis of waiver, which is an independent and adequate state law ground rendering the claim unavailable on federal habeas review. See R&R at 24. Moreover, Petitioner does not argue that he can overcome his procedural default by demonstrating either "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Instead, he argues only that "[t]he failure of the state courts to perform their judicial duties" warrants "an evidentiary hearing on this claim." Pet.'s Objs. at 9. Because this is not a ground on which a petitioner can overcome procedural default, the Court will overrule Petitioner's objections regarding this claim.

  C. <u>Claim Regarding Evidentiary Hearing to Reconstruct the Record</u>

Judge Heffley succinctly explains the background of this claim as follows:

> After [Petitioner] filed a pre-trial motion to dismiss under Rule 600, the prompt trial rule, the trial court held a hearing and denied the motion. The transcript from that hearing became unavailable after the court reporter died. As a result, when [Petitioner] later appealed the denial of PCRA relief, the Pennsylvania Superior Court ordered that evidentiary hearings be held to reconstruct the record of the pre-trial Rule 600 hearing. These hearings were meant to enable the

parties to construct a statement in lieu of the
missing records, pursuant to Pa. R. A[pp]. P. 1923.[5]

R&R at 15 (citations omitted).

Petitioner objects to Judge Heffley's recommendation regarding this claim on the basis that "failure of the trial court to permit [P]etitioner to participate in the hearings to compose statements of facts pertaining to the absent transcript denied [Petitioner] his right of due process of law under the 14th Amendment of the United States Constitution." Pet.'s Objs. at 6. In support of his argument that he has "a right of presence and representation," he cites Commonwealth v. Johnson, 768 A.2d 1177 (Pa. Super. Ct. 2001), a case in which the defendant argued that his absence during jury instructions violated his constitutional right to be present at all stages of the proceedings.

Petitioner further argues, albeit somewhat unclearly, that he was prejudiced by his absence from the evidentiary hearings in question because he also alleges ineffective assistance of his counsel. Judge Heffley describes this contention in her report and recommendation as an argument that "because the claim [at issue in the evidentiary hearings] was ineffective assistance of counsel, his absence from the hearings ipso facto prejudiced him and is reversible error." R&R at 18

---

[5] For the full text of this rule, see supra n.3.

13

n.14 (citing Pet.'s Reply at 5). In Judge Heffley's view, this argument does not save Petitioner's claim because "[w]hat [Petitioner] fails to do is explain how his claim of ineffective assistance of counsel overcomes the state courts' apparently straightforward application of Stincer."[6] Id.

The Court agrees with Judge Heffley that the state courts' determinations that Petitioner's presence was not required at the evidentiary hearings was neither "contrary to," nor an "unreasonable application of," "clearly established

---

[6] This Court does not necessarily agree that Petitioner has failed to provide this explanation because, construing the pro se Petition liberally, it is apparent that Petitioner's basic point is that his presence would have contributed to the fairness of the procedure by ensuring that his allegedly ineffective counsel would not have continued to act ineffectively at the evidentiary hearing. See Pet. at 6 (noting that Petitioner did not raise an ineffectiveness claim related to this issue on direct appeal because he was "represent[ed] by Counsel who would have been unable to raise his ineffectiveness").

Nevertheless, the Court finds that, because the purpose of the evidentiary hearings was to reconstruct the lost transcript, and because Petitioner stated he did not recall attending the first hearing--let alone what happened there--the state courts correctly determined that Petitioner's presence at a hearing whose purpose was to reconstruct an earlier hearing that Petitioner admittedly did not remember would be "useless, or the benefit but a shadow." Kentucky v. Stincer, 482 U.S. 730, 745 (1987) (quoting Snyder v. Massachusetts, 291 U.S. 97, 106-07 (1934)). Framed slightly differently, because the purpose of the evidentiary hearings was not to consider the alleged ineffectiveness of Petitioner's counsel but instead was to reconstruct the record of an earlier hearing on a Rule 600 motion, it was not unreasonable for the state courts to determine that Petitioner's presence could not have contributed to the fairness of the proceedings in any manner.

14

Federal law." 28 U.S.C. § 2254(d)(1). Both the PCRA court and the Superior Court correctly applied the Stincer standard to consider whether Petitioner's presence was required. See Kentucky v. Stincer, 482 U.S. 730, 745 (1987) (holding that "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure"). Applying this standard, these courts determined that Petitioner's presence was not required because he had not recalled being present during the initial Rule 600 hearing--and, accordingly, "[Petitioner's] presence at a series of listings whose sole purpose was the reconstruction of the record of that hearing would have in no way contributed to the fairness of the procedure." R&R at 16 (quoting Commonwealth v. Drew, No. 1300 EDA, slip op. at 11 (Pa. Super. Ct. Oct. 6, 2014)).

The Court further agrees with Judge Heffley that, "even if [Petitioner] was erroneously excluded from these hearings, the exclusion was, at worst, harmless error." Id. at 19; see also Brecht v. Abrahamson, 507 U.S. 619, 637 (holding that the harmless error standard that applies on habeas review requires a showing of "actual prejudice" (quoting United States v. Lane, 474 U.S. 438, 449 (1986)). The purpose of the evidentiary hearings was to construct a statement in lieu of the missing transcript from an earlier hearing on Petitioner's Rule

15

600 motion. Petitioner has not explained what or how he would have contributed had he been present at these hearings, nor has he explained how anything he might have contributed would have altered the newly constructed statement that resulted from those hearings. Accordingly, the Court finds that Petitioner has not shown "actual prejudice" as required to obtain "habeas relief based on trial error." Brecht, 507 U.S. at 637.

### D. Ineffective Assistance of Counsel Claim

A § 2254 petition may be based upon a violation of the Sixth Amendment right to effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 686, 697 (1984). By claiming his counsel was ineffective, a defendant attacks "the fundamental fairness of the proceeding." Id. at 697. Therefore, as "fundamental fairness is the central concern of the writ of habeas corpus," "[t]he principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial." Id. Those principles require a convicted defendant to establish both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Id. at 687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008).

To prove deficient performance, a petitioner must show that his "counsel's representation of him fell below an

16

objective standard of reasonableness." Strickland, 466 U.S. at 687-88. The court's "scrutiny of counsel's performance must be highly deferential." Douglas v. Cathel, 456 F.3d 403, 420 (3d Cir. 2006). Accordingly, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Grant v. Lockett, 709 F.3d 224, 234 (3d Cir. 2013) (quoting Strickland, 466 U.S. at 689). In raising an ineffective assistance claim, the petitioner must first identify the acts or omissions alleged not to be the result of "reasonable professional judgment." Strickland, 466 U.S. at 690. Next, the court must determine whether those acts or omissions fall outside of the "wide range of professionally competent assistance." Id.

To prove prejudice, a convicted defendant must affirmatively prove that the alleged attorney errors "actually had an adverse effect on the defense." Id. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Court approves Judge Heffley's recommendation that Petitioner's ineffective assistance claim be denied on the basis that Petitioner's underlying Rule 600 claim lacked arguable

17

merit. As Judge Heffley explains, Petitioner's "sole argument" as to why the trial court's decision regarding his Rule 600 motion was erroneous is that "a second criminal complaint was never filed." R&R at 13. Accordingly, Petitioner's argument that his counsel was ineffective for failing to raise the Rule 600 issue on direct appeal rests exclusively on the premise that a second criminal complaint was never filed (and thus that it was at least arguably erroneous for the trial court to have denied Petitioner's Rule 600 motion).[7]

Because it is clear from the record that a second criminal complaint was, in fact, filed (and also that the Commonwealth acted with due diligence), the Court agrees with Judge Heffley's conclusion that "[t]he trial court, PCRA Court and Pennsylvania Superior Court correctly found that [Petitioner] was not entitled to relief under Rule 600," and therefore that "[a]ppellate counsel was not ineffective for failing to raise a meritless claim." R&R at 14 (citing Ross v. Dist. Att'y, 672 F.3d 198, 211 n.9 (3d Cir. 2012) ("We have held . . . that 'counsel cannot be deemed ineffective for failing to

---

[7]  Relevant Pennsylvania law provides that, "[i]f the prosecution was diligent, the applicable run date [under Rule 600] . . . is triggered when the Commonwealth files the second complaint." Commonwealth v. Peterson, 19 A.3d 1131, 1136 (Pa. Super. Ct. 2011), aff'd, 615 Pa. 587, 44 A.3d 655 (2012).

raise a meritless claim.'" (quoting Werts v. Vaughn, 228 F.3d 178, 202 (3d Cir. 2000))).

In his objections, Petitioner does no more than reiterate his claim that "the court erroneously denied [his] Rule 600(G) motion under the false presumption that there had been a second criminal complaint filed." Pet.'s Objs. at 4. This objection does not change the fact that a second criminal complaint was, in fact, filed--and thus it does not save Petitioner's claim.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Because Petitioner has not made a substantial showing of the denial of his constitutional rights, the Court declines to issue a certificate of appealability in this case.

**V.  CONCLUSION**

For the foregoing reasons, the Court will adopt Judge Heffley's Report & Recommendation, overrule Petitioner's objections thereto, and deny the Petition for a writ of habeas corpus without an evidentiary hearing. The Court declines to grant a certificate of appealability.